UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERNAN OROZCO, <br><br> Petitioner, <br><br> v. <br><br> NORM KRAMER, Warden, <br><br> Respondent. | Case No. CV 08-3291 AHM (CT) <br><br> ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the court has reviewed the petition, all the records and files herein, the report and recommendation of the United States Magistrate Judge, and petitioner's objections to the report and recommendation. The court concurs with and adopts the findings, conclusions, and recommendations of the magistrate judge.

IT IS ORDERED that judgment be entered denying the petition for writ of habeas corpus and dismissing this action with prejudice.

*See Addendum.*

DATED: April 14, 2009

_____
A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE

Addendum to R&R
*Orozco v. Kramer*
CV 08-3291 AHM (CT)

This Court adds the following observations.

<u>Page 4:3</u>. The first recommitment petition would extend petitioner's civil commitment through May 13, <u>2003</u>.

<u>Page 8:16-19</u>. In this federal proceeding, petitioner did not argue that the diagnosis he was given was not proper under the "DSM."

<u>Pages 8-11</u>. In his objections to the "R&R," petitioner relies heavily on *Foucha v. Louisiana*, 504 U.S. 71 (1992), which preceded *Kansas v. Hendricks*, 521 U.S. 346 (1997) by some five years. *Hendricks* rejected the argument of the petitioner there that *Foucha* dictates a specific finding of mental illness as a prerequisite for civil commitment. 521 U.S. at 358-59. See also *Kansas v. Crane*, 534 U.S. 407, 413 (2002) ("[T]he states retain considerable leeway in defining the mental abnormalities and personality disorders that make an individual eligible for commitment.") Nor did *Foucha* hold (contrary to petitioner's argument) that an antisocial personality disorder is insufficient to justify civil commitment.

<u>Pages 22-24</u>. In *Hydrick v. Hunter*, 500 F.3d 978 (9th Cir. 2007), the plaintiffs' *ex post facto* challenge to the SVPA was an "as applied" challenge, unlike here. In *Carty v. Nelson*, 426 F.3d 1064 (9th Cir. 2005) (not an *ex post facto* case but also not an "as applied" challenge), the Court of Appeals stated flatly that "the

commitment proceedings under the SVP Act are civil, not criminal. *Id.* at 1073.

Pages 24-26. Concerning petitioner's "Equal Protection" argument, in *Hubbart v. Knapp*, 379 F.3d 773 (9th Cir. 2004), the Court of Appeals rejected a similar argument. *Id.* at 782.

Pages 26-31. Concerning petitioner's due process arguments arising out of the consolidation of the recommitment proceedings, petitioner cannot demonstrate that his defense was impaired based on the delay and consolidation of the three petitions. Moreover, the jury's finding that he was a SVP in the consolidated trial weighs against a strong finding of prejudice, because the evidence advanced in the trial would have been similar to the evidence advanced during trials on the first and second recommitment petitions.

Dated: April 14, 2009

_____
A. Howard Matz
United States District Judge